WARD, BRIGGS & CO. v. NEWELL, GATEWOOD & CO.

1. In a suit by partners on a partnership demand, defendants filed a plea of payment and set-off, based upon an account against C., who was one of the plaintiffs; which account they attempted to prove by a witness who testified that "C. had a book account with the defendants, the amount "of which was not known to witness, but that he, witness, was a clerk "of the defendants, and had sold to C. some of the articles charged in the "account." *Held*, that this testimony fails to prove the correctness of the account, or the identity or value of any article therein charged, and only proves that the account was an individual liability of C., and therefore no set-off against the plaintiffs' partnership demand; wherefore it was not error for the court below, on motion of the plaintiffs, to withdraw the account from the jury.

2. In the absence of any undertaking or other act by creditors for whose benefit an assignment is made to a trustee, they cannot be held responsible for the acts or defalcation of the trustee; but, on failure of the trustee to perform his duty and discharge their demands, they are entitled to recourse upon their debtors, notwithstanding the assignment.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

The opinion of the court sufficiently indicates the facts involved in the rulings.

*S. G. Newton*, for the appellants. The first question to be determined is, whether the court erred in excluding defendants' exhibit " C " and testimony in regard to it.

The subject of the exhibit was good matter of defense. It is not denied but what the defenses set up by defendants were sufficient to defeat plaintiffs in their action, if sustained by the proof. Proof is the effect of the evidence. (1 Green. Ev., 1.) There was evidence, as before stated, admitted without objection, and, as I contend, sufficient to establish a *prima facie* case. (Chandler *v.* Mechling, 22 Texas, 44; 3 Green. Ev., Section 409.) And although there might have been, in the opinion of the court, a very strong preponderance of evidence against it, still it was evidence that should have gone to the jury, for

them to determine whether it was proof or not. The court should have hesitated before excluding either the pleading or the evidence. (Taylor v. Ashley, 15 Texas, 54.) It is the duty of the court to present to the jury the true points at issue for their consideration (Ruffier v. Womack, 30 Texas, 341), and this it could not do without all the pleadings were before them. Exhibit "C" was a part of the pleadings, being a full bill of items and balances, and however correct in the abstract the instructions of the court might have been, the whole case was not before the jury, and their verdict was not to the merits of the case, as claimed by the litigants, but was only to the case as made out by the court. (Anderson v. Anderson, 23 Texas, 641.)

If the defendants had set up a good defense and there was any evidence to support it, they were entitled to the benefit of it. And, however positive the evidence for plaintiffs might have been in the opinion of the court trying the case, the proof is not inconsistent with that of defendants, for it was in regard to after considerations and arguments that defendants claim their right of recovery. (21 Texas, 121; 28 ibid., 341; 7 ibid., 4; 8 ibid., 227; 19 ibid., 101; 23 ibid., 641.)

I. P. Simpson, for the appellees.

OGDEN, J. This suit was instituted upon a draft drawn in favor of appellees and upon appellants, and accepted by them for three thousand dollars. Plaintiff below admitted a credit of one thousand two hundred and twenty-six dollars and forty-eight cents, and claimed a judgment for the balance. The defense set up is payment by two items, as follows: seven hundred and forty-nine dollars and forty-eight cents, the amount of a running account made by Caldwell, one of the firm of Newell, Gatewood & Co.; the other is for two thousand five hundred and sixteen dollars and eighty-one cents, delivered to G. B. Hathaway for J. N. Caldwell. Upon the trial, the first item, on motion by plaintiff, was detached from the pleadings, and not

permitted to go to the jury, and upon the other item the jury allowed the sum of one thousand two hundred and twenty-six dollars and forty-eight cents, and rendered a verdict in favor of the plaintiff for the balance. The defendants' motion for a new trial was overruled, and they have appealed. The assignments of errors have reference mainly to the rulings of the court in regard to the exclusion of the first item claimed as a credit, and upon the original and amended motion for a new trial.

The item excluded from the jury purported to be an account against Newell, Gatewood & Co., and the only evidence introduced to prove up the same was the testimony of Hathaway, and, according to defendant's own version of his testimony, he proved that " he knew Caldwell had a book account with Ward, " Briggs & Co. He did not know the amount of it, but he was " then clerk of Ward, Briggs & Co., and had sold and delivered " to Caldwell some of the goods himself, mentioned in exhibit " C." This testimony wholly fails to prove the correctness of the account, or the identity or value of any one article therein charged, or that the whole, if otherwise correct, was of any value whatever. It further proves that this is an individual account against Caldwell, and not against Newell, Gatewood & Co., and therefore could in no event be offset against the partnership demand. The court, therefore, did not err in withdrawing that account, or exhibit C, from the consideration of the jury, upon motion of the plaintiffs. And, for the same reason, the court did not err in overruling defendant's original motion for a new trial on the first ground stated.

In 1865, appellants, being indebted to appellees on the draft sued on, in order to secure the prompt payment of the same, assigned to Hathaway, in trust for the benefit of appellees, two thousand five hundred and sixteen dollars and eighty-seven cents worth of goods and merchandise, to be by him disposed of after sixty days from the date of the assignment, at his discretion, and, with the proceeds, pay the debt due to appellees; and appellants, in the assignment, in order to save the goods thus assigned from sacrifice, agreed to pay five-hundred dollars

of the debt each week, until the whole should be paid; and it was further stipulated that all goods remaining in the hands of the trustees after the payment of the debt to appellees, should be returned to appellants.  There can be no doubt that this was a regular assignment to a trustee, and no payment to the party for whose benefit the assignment was made; and the doctrine of trusts, as recognized by the courts of this State, must control not only the property thus assigned, but the rights and liabilities of all parties interested therein.  The trustee had the legal title in the goods, and could have disposed of the same at discretion, subject only to the provisions of the assignment.  He might be held responsible by the assignor, or the *cestui que trust,* for the proper care or disposition of the property, but in no event could the *cestui que trust* be held responsible for the acts or defalcation of the trustee.

In their amended motion for a new trial, appellants claim that since the trial of the cause they have discovered testimony to prove that a considerable portion of the goods assigned to Hathaway had been stolen or carried off from the possession of the trustee, and therefore they ask a new trial, that they may be permitted to prove up against appellees the value of the goods thus stolen or fraudulently appropriated.  There certainly can be no rule of law or equity which could allow such a practice; and, had a new trial been granted, they would have been no better off with all their newly discovered evidence than they were on the first trial.  The assignment was voluntarily made to the trustee, in whom the assignors placed great confidence; therefore to that trustee, and to him alone, must they look for any violation of that trust or confidence.  We are, therefore, clearly of the opinion that the court did not err in overruling the amended motion for a new trial.

There is a peculiarity in the amended motion for a new trial, which does not commend it to a very favorable consideration from the court.  On the trial of the cause, the defendants appear to have rested upon their ability to prove that the debt sued for had been wholly paid and satisfied, and that appellees

Syllabus.

had received the goods assigned to Hathaway as a complete transfer in payment and satisfaction of their debt; that the goods were absolutely appellees', and they demanded a credit of over two thousand five hundred dollars for the same. But, in their amended motion, they, in effect, claim the ownership of the goods in themselves, and seek to make appellees responsible to them for all losses and damages. It is difficult to see how the fact of a loss of a portion of the goods by the trustee Hathaway, by theft or otherwise, could affect the rights of the beneficiaries. They had a right to the full amount of the debt remaining due them, and if, without any fault of theirs, the trustee has failed to discharge the duties of his trust, they have the right to a recourse back upon their original debtors.

It appears, from the verdict of the jury, that the appellants have received full credit for all moneys paid to appellees, disregarding all consideration of interest on the original debt. The judgment is, therefore, for the unpaid balance due on the draft sued on, without interest. We are, therefore, of the opinion that the appellants have no reasonable ground of complaint against the judgment of the District Court " because the same " is contrary to the law and the facts of the case." It is, therefore, affirmed.

Affirmed.